UNITED STATES DISTRICT
COURT SOUTHERN
DISTRICT OF FLORIDA

Case No._____–Civ–_____/_____

MINOO A. BALANI,

    Plaintiff,

vs.

ROYAL CARIBBEAN INTERNATIONAL, LTD.

    Defendant.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, MINOO A. BALANI, by and through her undersigned attorneys, and sues Defendant, ROYAL CARIBBEAN INTERNATIONAL, LTD. (hereinafter referred to as "Royal Caribbean"), and alleges:

1. This is an action for damages in excess of $75,000,00 and within the jurisdiction of the Court pursuant to 28 U.S.C. §1333 and 28 U.S.C. § 1332 since the claims alleged fall under the purview of maritime law, and there is diversity of citizenship between the parties.

2. At all times material hereto, Plaintiff, MINOO A. BALANI, was and is sui juris a citizen of China.

3. The Defendant, ROYAL CARIBBEAN, is a foreign corporation with principal place of business in the State of Florida, 1050 Caribbean Way, Miami, Florida, 33132.

4. The Defendant, ROYAL CARIBBEAN, at all times material hereto, personally, or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this State and/or County, or had an officer or agency within this State or County;

   b. Was engaged in substantial activity within this State;

   c. The Defendant was engaged in the business of providing to the public, including, but not limited to, the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Voyager of the Seas.*

5. Venue is proper in the Southern District of Florida pursuant to the passenger ticket the Defendants sold the Plaintiff which contains a forum-selection clause that says that actions such as this may be filed only in Miami, in the United States District Court for the Southern District of Florida.

6. The action arises out of an accident aboard a cruise vessel named the *Voyager of the Seas*, which was, at all relevant times, traveling through navigable waters.

7. The Plaintiff has performed all conditions precedent to be performed by the Plaintiff, or the conditions have occurred.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

8. Plaintiff, MINOO A. BALANI, was, at all relevant times, a fare paying passenger aboard the vessel, *Voyager of the Seas,* as she had paid the required compensation for transportation.

9. On or about August 22, 2018, while the subject vessel was in navigable waters, in open sea, Plaintiff, MINOO A. BALANI, suffered serious injuries when she was caused to slip and fall as she was walking towards the bathroom on Deck 4.

10. The condition which caused the Plaintiff to slip and fall was a dangerous condition on the subject vessel of which the owner or operator knew or should have known.

## COUNT-I
## (NEGLIENCE-ROYAL CARIBBEAN INTERNATIONAL, LTD.)

11. Plaintiff re-avers and re-alleges the allegations contained in paragraphs one (1) through ten (10) as if fully set forth herein.

12. On or about August 22, 2018, Defendant, ROYAL CARIBBEAN, owed the Plaintiff a duty of reasonable care under the circumstances.

13. At that time and place, on Deck 4, Defendant, ROYAL CARIBBEAN breached its duty of care in one or more of the following ways, causing the Plaintiff to sustain serious personal injury when she slipped and fell in water or some other transitory foreign substance:

    a. That Defendant caused and/or created water or some other slippery substance to be on a section of the deck on which the passengers frequently traverse;

    b. The Defendant allowed water or some other slippery substance to sit and pool on a surface that the Defendant knew or should have known is frequently traversed by passengers, when the Defendant could have easily squeegeed/mopped the deck or taken other simple steps to remove the water and/or slippery substance;

    c. The Defendant failed to dry the walking surface;

    d. The Defendant failed to adequately inspect the deck for the water and/or slippery substance to ensure the safety of its passengers, including, but not limited to, the Plaintiff;

    e. The Defendant failed to properly maintain a section of the floor to ensure that the water and/or slippery substance was properly removed from the deck;

    f. The Defendant failed to properly maintain a section of the floor to ensure that water would flow into a drain and not pool;

    g.    The Defendant failed to take adequate steps to ensure that water would drain off the deck into a drain pipe, rather than stand and pool;

    h.    Defendant failed to warn passengers about the presence of a slipping hazard or failed to put in place a system under which crew members would frequently inspect that area and mop up water or other liquids that pooled in that area;

    i.    Knowing that water or other liquids would likely remain or pool upon the deck, the Defendant failed to take adequate steps to ensure that the deck's surface in that area was slip resistant;

    j.    The Defendant failed to assign enough crew members to monitor the area and make it safe;

    k.    The Defendant failed to put in place a system under which crew members would frequently inspect that area and mop up water or other liquids that pooled in that area;

    l.    The Defendant knew about this hazardous condition or the condition had existed for a sufficient length of time that the Defendant should have known about it, or the condition occurred with regularity and was therefore foreseeable;

    m.    The Defendant knew or should have known about the slippery condition of the flooring material, and failed to remedy same prior the subject incident; and

    n.    The Defendant breached its duty in other ways to be determined during discovery.

14.    ROYAL CARIBBEAN caused and/or created the hazards described in paragraphs 13(a) through 13(n) above, and/or those hazards were known to ROYAL CARIBBEAN, or had existed for sufficient length of time that ROYAL CARIBBEAN should have known about them, or the hazards occurred with regularity and were thus foreseeable.

15.    As a result of Defendant's negligence, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical

and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or the aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, MINOO A. BALANI, demands judgment for more than $75,000 in damages against the Defendant, and costs, and the Plaintiff demands a jury trial.

Dated this 16th day of July, 2019.

                        Respectfully Submitted,

                        **GMV LAW GROUP, LLP.**
*Attorneys for Plaintiff*
200 SE 6th Street
Fort Lauderdale, FL 33301
Tel:  (954) 530-6206
Fax: (954) 530-6183
documents@gmvlawgroup.com

By: <u>Geoffrey A. Cowen</u>
**ALAN L. GRINBERG, ESQ.**
Florida Bar No.: 55922
**GEOFFREY A. COWEN, ESQ.**
Florida Bar No. 91377

**STEIN LAW**
*Attorneys for Plaintiff*
17971 Biscayne Boulevard,
Suite 216
Aventura, FL 33160
Telephone: (786) 230-3819
Facsimile:   (305) 627-3302
Bstein@steinlaw.com
*Attorneys for Plaintiff*

By: <u>Brandon E. Stein</u>
**BRANDON STEIN, ESQ.**
Florida Bar No.: 88302